## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVID TECHNOLOGY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 12-627-GMS |
| | ) |
| HARMONIC INC., | )   **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

### JOINT STATUS REPORT

Counsel for Plaintiff Avid Technology, Inc. ("Avid") and Defendant Harmonic Inc. ("Harmonic"), having conferred telephonically on June 16, 2016, pursuant to Federal Rule of Civil Procedure 26(f), hereby submit this joint report and joint request for a Rule 16 scheduling conference to be held on a date and at a time at the Court's earliest convenience.

## I.      JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action, the Court has personal jurisdiction over the parties to this action, and venue is proper in this Court.

## II.      SUBSTANCE OF THE ACTION

On May 18, 2012, Avid filed this action against Harmonic alleging infringement of U.S. Patent No. 5,495,291 ("the '291 patent").  (D.I. 1).  The accused Harmonic products include at least the "Spectrum MediaPort."

On June 22, 2012, Harmonic filed a Motion to Dismiss the Complaint for Failure to State a Claim.  (D.I. 6).

On July 5, 2012, Avid filed a First Amended Complaint, superseding the original Complaint, and including a new express allegation of willful infringement of the '291 patent by Harmonic.  (D.I. 10)

On July 6, 2012, the parties filed a Stipulated Order dismissing Harmonic's June 22, 2012 Motion to Dismiss.  (D.I. 11).

On July 23, 2012, Harmonic filed a Motion to Dismiss the First Amended Complaint for Failure to State a Claim.  (D.I. 13.)

On August 9, 2012, Avid filed a Memorandum of Law In Opposition to Defendant Harmonic Inc.'s Motion to Dismiss First Amended Complaint for Failure to State a Claim.  (D.I. 15).

On August 20, 2012, Harmonic filed a Reply in Support of Its Motion to Dismiss First Amended Complaint for Failure to State a Claim.  (D.I. 16.)

On April 19, 2013, Harmonic filed a Petition for *Inter Partes* Review with the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office with respect to the '291 patent.

On May 21, 2013, the Court ordered a stay of this litigation pending the outcome of the *Inter Partes* Review proceeding.

On September 26, 2013, the PTAB issued a Decision to institute *Inter Partes* Review of claims 1-16 of '291 patent.  The PTAB did not institute *Inter Partes* Review of claims 17-20 of the '291 patent.

On March 1, 2016, the United States Court of Appeals for the Federal Circuit affirmed a July 10, 2014 final written decision of the Patent Trial and Appeal Board, confirming claims 11-

16 of U.S. Patent No. 5,495,291.  Consequently, claims 11-16 and 17-20 of the '291 patent remain.

On May 23, 2016, the Court ordered the stay lifted.

## III.    IDENTIFICATION OF ISSUES

The issues to be decided in this action include at least the following:

1.    Whether Harmonic infringes or has infringed any claim of any of the '291 patent;

2.    Whether each of the asserted claims of the '291 patent is not invalid and is enforceable;

3.    Whether Harmonic is entitled to prevail on any affirmative defense;

4.    Whether Avid is entitled to a permanent injunction;

5.    The amount of Avid's damages for any infringement of any valid and enforceable claim;

6.    Whether Avid is entitled to enhanced damages pursuant to 35 U.S.C. §284; and

7.    Whether this case is exceptional and whether either party is entitled to attorney's fees and costs pursuant to 35 U.S.C. § 285.

## IV.    NARROWING OF ISSUES

The parties believe that discovery is likely to provide information that would allow each side to file a motion for partial summary judgment that would narrow the issues in this action.

## V.    RELIEF

### A.    Avid's Request for Relief

Avid seeks the following relief:

1.    adjudging Harmonic to have violated 35 U.S.C. § 271 by infringing one or more claims of the '291 patent;

2.       adjudging Harmonic's infringement to have been willful;

3.       awarding Avid damages adequate to compensate for Harmonic's infringement in the form of Avid's lost profits, including damages due to price erosion, and/or a reasonable royalty under 35 U.S.C. § 284, or some combination thereof, in an amount to be determined at trial;

4.       finding this action to be an exceptional case under 35 U.S.C. § 285;

5.       awarding Avid its reasonable attorney fees under 35 U.S.C. § 285;

6.       awarding Avid pre-judgment and post-judgment interest;

7.       permanently enjoining Harmonic and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them from further infringement of the '291 patent; and

8.       awarding Avid such other and further relief as this Court deems just and equitable.

**B.       <u>Harmonic's Request for Relief</u>**

Harmonic seeks the following relief:

1.       dismiss Avid's Complaint against Harmonic with prejudice;

2.       hold that Avid is not entitled to any relief, whether in law or equity or otherwise, from its suit against Harmonic;

3.       declare that Harmonic has not infringed and does not infringe any claim of U.S. Patent No. 5,495,291;

4.       declare that the claims of U.S. Patent No. 5,495,291 are invalid and unenforceable;

5.      permanently enjoin Avid, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce U.S. Patent No. 5,495,291 against Harmonic or any parents, affiliates, or subsidiaries of Harmonic or their respective officers, agents, employees, successors, and assigns; and

6.      find that this case is exceptional and award Harmonic its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

7.      award Harmonic any other relief, in law and in equity, to which the Court finds Harmonic is justly entitled.

## VI.   AMENDMENT OF PLEADINGS

Unless the Court orders otherwise, all motions to amend the pleadings shall be filed by October 27, 2016.

## VII.   JOINDER OF PARTIES

The parties are not aware of any additional parties that need to or should be joined in this action at this time, but may seek to join additional parties in accord with the Scheduling Order and Federal Rules of Civil Procedure by stipulation or by requesting leave of the Court should the need arise.

## VIII.   DISCOVERY

### A.   Avid's Statement Regarding Discovery

Avid will require discovery concerning, among other things, the accused Harmonic products; the development, design, structure, and operation of the accused Harmonic products; the sales, revenue, profits, and marketing associated with the accused Harmonic products; Harmonic's knowledge of the '291 patent and any analyses or opinions concerning the '291

patent; Harmonic's license agreements concerning the accused Harmonic products and related technology and other factors affecting the measure and extent of damages; the bases for any Harmonic defenses to Avid's claims of infringement; the bases for any allegations that the claims of the '291 patent are invalid and/or unenforceable; the relevant markets and competition and competitors within those markets; competition between the parties, including Harmonic's attempt to develop products competitive with Avid's products; and alternative technologies to those covered by the '291 patent.

**B.**      **Documents and Electronically Stored Information**

Counsel for the parties have conferred to determine the extent to which special procedures, if any, will be required for the discovery of electronically stored information and what form or forms should be used for the production of electronically stored information. The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f). Although the parties might reach additional agreements on these topics in the future, in the interim, the parties have agreed to many of the standards contained in the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" recently issued in this District and the "E-Discovery Model Order" recently issued by the Advisory Council to the Court of Appeals for the Federal Circuit.

1.      **General Provisions**

a.      **Proportionality.** The parties shall use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information (stored on paper or in electronic form).

b.      **Preservation of Discoverable Information.** The parties acknowledge that each party has a common law obligation to take reasonable and proportional steps to preserve

discoverable information in each party's possession, custody, or control. However, the parties agree that (i) absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control; and (ii) absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached to the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" recently issued in this District need not be preserved.

       c.    **Time Limit On Discovery.** Absent a showing of good cause, discovery shall be limited (i) to a term of six (6) years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited, and (ii) to documents created prior to the date of filing of this action, except for documents related to any party's claim for damages.

       d.    **Metadata.** General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

    2.    **<u>Initial Disclosures</u>**

Each party shall disclose along with its Rule 26(a) initial disclosures:

       a.    **Custodians.** Apart from and in addition to the disclosure of non- custodial data sources as provided in subparagraph (b) below, the five (5) custodians most likely to have discoverable information (beyond that contained in such non-custodial data sources) in their

possession, custody, or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information. Each party has informed or will inform those custodians and any other employees it reasonably believes are likely to possess relevant electronic documents of the necessity to preserve such information and request that those custodians and employees refrain from deleting or destroying relevant electronic documents for the pendency of this action.

        b.     **Non-custodial data sources.**[1] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

        c.     **Notice.** The parties shall identify any issues relating to:

        (i)     Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

        (ii)     Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

        (iii)     Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

---

[1] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (*e.g.*, enterprise system or database).

3.      **Specific E-Discovery Issues**

a.      **On-site inspection of electronic media.** Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

b.      **Search methodology.** If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than ten (10) additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (*e.g.*, product and company names), shall be employed. The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 2(b) of this Section VII.C.; and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 2(a) of this Section VII.C.

c.      **Email.** General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

(i)      **Timing.** Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

(ii)      **Scope.** Email production requests shall identify the custodian, search terms, and time frame.

(a)      **Custodians.** The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. Each requesting

party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

(b)     **Search Terms.** Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The parties may ask the Court to consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production

and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

        (c)      **Format.** ESI and non-ESI may be produced to the requesting party as text searchable image files (*e.g.*, PDF or TIFF) or as native files. A requesting party may request that production of particular ESI be made in native format, but such request will be granted only upon a showing of good cause and costs may be shifted for such requests.

**C.**    <u>**Discovery Limitations**</u>

The parties agree that the following limits on discovery shall apply.

1.    <u>Fact Depositions</u>: The parties agree that each party shall be permitted a maximum of twelve (12) depositions. The 12 deposition limit includes depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) (each 7 hours of which shall count as a single deposition toward the 12-deposition limit, despite the number of deposition topics) and any third party depositions, but does not include expert depositions. The parties agree that each deposition will be limited to 7 hours in length of on-the-record time. Each 7 hours of on-the-record time of testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as one deposition. The parties agree that leave of court under Rule 30(a)(2)(A)(ii) is not required for (a) the taking of a Rule 30(b)(6) deposition where the designated witness already testified on deposition in his or her individual capacity, (b) the taking of an individual's deposition where the witness already testified on deposition as a designated Rule 30(b)(6) witness, and (c) multiple Rule 30(b)(6) depositions of the same designated witness.  The parties agree to make reasonable efforts to

minimize multiple depositions of the same witnesses.  The parties each reserve their right to seek relief from the court to limit the length of any particular deposition or take depositions in excess of the limits described above.

2.    Third Party Subpoenas: Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon the other party. Moreover, any party which receives documents from a third-party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days. Where reproduction of documents within the above time frame is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

If a party notices a deposition or serves a deposition subpoena on a third-party, the other party must give written notice at least one day before the deposition if it intends to ask questions of the third-party witness at the deposition. Thereafter, counsel for each party will cooperate in good faith to reach agreement on the amount of time that each party will have to ask questions of the third-party witness at the deposition.

3.    Experts:  Communications between an expert witness for any party or parties and the party's or parties' attorneys will not be discoverable pursuant to Federal Rule of Civil Procedure 26(b)(4)(C), except that "considered" is replaced by "relied upon" in Federal Rule of Civil Procedure 26(b)(4)(C)(ii).  In addition, communications between an expert witness for any party or parties and the party or parties or their representatives employing such expert will not be discoverable, except to the extent that the expert relies upon them for his or her opinions.

The provisions of Federal Rule of Civil Procedure 26(a)(2)(B) regarding the content of a report of an expert witness are not changed, except that "considered" is replaced by "relied upon."

Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach an agreement regarding limits on expert deposition time.

4.  <u>Interrogatories</u>: Each party may propound, in total, no more than twenty- five (25) interrogatories to the other side. A single interrogatory may address more than one patent and more than one product yet still be counted as one interrogatory.

5.  <u>Requests for Admission</u>: Each party may serve up to thirty (30) substantive requests for admission and an unlimited number of requests for admission solely as to the authentication of documents.

6.  <u>Requests for the Production of Documents and Things</u>: Each party may serve an unlimited number of requests for production of documents and things.

**D.  Proposed Schedule**

1.  Avid proposes the following schedule that will enable this case to be set for a trial date in or around September 2017 and Harmonic proposes the following schedule that will enable this case to be set for a trial date in or around February 2018:

| EVENT | AVID'S PROPOSED DATE | HARMONIC'S PROPOSED DATE |
|---|---|---|
| Rule 16 Conference | (To be set by the Court) | |
| Serve Rule 26(a) Initial Disclosures | 7/14/16 | |
| Avid shall (i) identify the accused products and the asserted patent they allegedly infringe, and (ii) produce the file history for the asserted patent. | 7/29/16 | |
| Harmonic shall produce the core technical documents related to the accused products, including but not limited to operation manuals, product literature, schematics and specifications. | 8/28/16 | |
| Avid shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. | 9/27/16 | |
| Harmonic shall produce its initial | 10/27/16 | |

| invalidity contentions for each asserted claim, as well as the related invalidating references. | | |
|---|---|---|
| Deadline to Joint Parties / Amend Pleadings | 10/27/16 | |
| Exchange Proposed Terms for Claim Construction | 11/9/16 | |
| Exchange Proposed Constructions and Extrinsic Evidence | 11/30/16 | |
| File Final Joint Claim Construction Statement | 1/4/17 | |
| File Opening Claim Construction Briefs | 1/30/17 | |
| File Answering Claim Construction Briefs | 2/28/17 | |
| Defendant discloses whether it intends to rely upon advice of counsel and produces any such opinions on which defendant intends to rely | 10/27/16 | 3/28/17 |
| Close of Fact Discovery | 2/28/17 | 4/28/17 |
| Markman Hearing | (To be set by the Court) | |
| Serve Opening Expert Reports (burden of proof) | 4/28/17 | 6/28/17 |
| Serve Rebuttal Expert Reports | 5/28/17 | 7/28/17 |
| Close of Expert Discovery | 6/28/17 | 9/1/17 |
| Submit Letter Briefs Seeking Permission to File Summary Judgment Motions | 7/14/17 | 9/20/17 |
| Submit Answering Letter Briefs Regarding Summary Judgment Motions | 7/28/17 | 10/11/17 |
| Submit Reply Letter Briefs Regarding Summary Judgment Motions | 8/4/17 | 10/25/17 |
| Status Conference Regarding Permissibility of Summary Judgment Motions | (To be set by the Court) | |
| Avid to file its final claim chart relating each accused product to the asserted claims each product allegedly infringes, and Harmonic to file its final invalidity contentions for each asserted claim as well as the cited invalidating references. | (By the close of fact discovery) | |
| File Proposed Final Pretrial Order | Pursuant to D. Del. LR 16.3 | |
| Pretrial Conference | (To be set by the Court) | |
| Trial | (To be set by the Court) | |

IX.   **ESTIMATED TRIAL LENGTH**

Depending on the scope and number of issues remaining in this action at the time of trial, Avid estimates that it will take approximately two weeks to try this case.  Harmonic estimates that it will take approximately 5-7 trial days to try this case.

X.   **JURY TRIAL**

Both parties have requested a jury trial on all issues that are so triable to a jury.

XI.   **SETTLEMENT**

The parties have had settlement discussions before the lawsuit, but have not reached a resolution.

XII.   **OTHER MATTERS**

A.   **Protective Order**

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary. The parties will attempt to agree on the form of such an order and present it to the Court for the Court's approval.

B.   **Email Service**

Copies of all documents filed with the Court or required to be served under the Federal Rules of Civil Procedure shall be served on the parties by email, unless full unredacted copies of such documents are downloadable in response to ECF prompts issued by the Court. Such copies shall be delivered in one or more .pdf files attached to an email (or emails) addressed to each designated email address set forth below. Copies of discovery requests and responses shall be provided in a searchable .pdf format. When a document is too large to email, the party serving the document shall provide by email a list of any such oversized documents and shall make such oversized documents available for password-protected download (*e.g.*, by use of an ftp site). The

parties may also transmit other correspondence by email addressed to each of the designated email addresses below without delivering a hard copy.

The parties designate the following email addresses to receive service of documents:

Avid:      jday@ashby-geddes.com
           amayo@ashby-geddes.com
           gcastanias@jonesday.com
           dcochran@jonesday.com
           jmsauer@jonesday.com

Harmonic:  dmoore@potteranderson.com
           bpalapura@potteranderson.com
           jyoon@wsgr.com
           rbrewer@wsgr.com
           wsgr-harmonic@wsgr.com

The parties further agree that, for purposes of calculating the time to file an opposition or reply to a motion or the time to serve a response to a discovery request, the three-day extension described in Federal Rule of Civil Procedure 6(d) shall not apply to any documents served by email or downloadable in unredacted from in response to ECF prompts issued by the Court. In any situation in which the timing for a response is explicitly articulated in the Court's scheduling order, the scheduling order takes precedence over all other methods of calculating due dates.

## C.   **Withheld Document Logs**

The parties have agreed that no party shall be required to identify on its withheld document log prepared under Fed. R. Civ. P. 26(b)(5) any document or communication dated on or after the filing date of this action, (*i.e.*, May 18, 2012), which, absent this provision, the party would have been obligated to identify on its withheld document log. The parties also have agreed that activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

**D.**     **Non-Waiver Due To Inadvertent Production**

The parties intend to address protections for inadvertent production of any document or information subject to a claim of privilege, work product immunity or confidentiality under Fed. R. Evid. 502 in detail in the protective order that they intend to negotiate and submit to the Court for approval.

**XIII.  CONFIRMATION OF RULE 26(f) CONFERENCE**

Counsel for the parties have conferred about each of the matters listed above and each of the items listed in paragraph 2b of the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')."

Dated: June 23, 2016

[SIGNATURES ON FOLLOWING PAGE]

/s/  *John G. Day*

John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
amayo@ashby-geddes.com


OF COUNSEL:

David B. Cochran
Joseph M. Sauer
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939

Gregory A. Castanias
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C.  20001
(202) 879-3939

COUNSEL FOR PLAINTIFF
AVID TECHNOLOGY, INC.

/s/  *David E. Moore*

David E. Moore (#3983)
Jonathan A. Choa (#5319)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
jchoa@potteranderson.com
bpalapura@potteranderson.com


OF COUNSEL:

James C. Yoon
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304-1050
(650) 565-3645

Stefani E. Shanberg
Robin L. Brewer
WILSON SONSIS GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2000

COUNSEL FOR DEFENDANT
HARMONIC INC.