IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVID TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HARMONIC INC., ) | C.A. No. 12-627 (GMS) |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER CONSTRUING THE TERMS OF U.S. PATENT NO. 5,495,291

After having considered the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent No. 5,495,291 (the "'291 Patent"):

1. The term "controller" is construed to mean "a component or subsystem that causes, directly or indirectly, aspects of operation of a device."[1]

2. The phrase "a predefined period of time" is construed to mean "a period of time, determined in advance, . . . ."[2]

---

[1] Defendant proposes a construction that limits the claimed "controller" to a "microcontroller." The court does not find Defendant's citations to the specification or prosecution history persuasive, however. (D.I. 51 at 6). The patentee's use of the term "microcontroller" in the specification's preferred embodiment indicates that he certainly understood the meaning of the term, '291 patent, col. 3 ll. 23–24, and could have used it in claim 9 if he thought that term more adequately conveyed the scope of his invention. Accordingly, the court will not limit "controller" to the construction Defendant proposes—a "microcontroller that receives signals and issues commands to control the flow of video data." (D.I. 50 at 1). Instead, the court construes the term broadly to mean "a component or subsystem that causes, directly or indirectly, aspects of operation of a device." *Id.*

[2] Plaintiff's contention is twofold: the phrase "a predefined period of time" requires no construction, but, if it does, the phrase means "a fixed amount of time." The court finds that the term does need construction, but it declines to adopt the one Plaintiff proposed.

First, Plaintiff's proposed construction eliminates the temporal element required by the term "predefined." To remedy that issue, Plaintiffs argued at the *Markman* hearing that the amount of time was fixed "relative to the controller." *Markman* Hr'g Tr. 36:9–11. The court and Defendant take that to mean that the amount of time "is being defined before the data gets to the controller and the first switch." *Id.* 38:7–10. For the reasons outlined

3. The phrase "repeating the selecting, decompressing, decompressing, and providing steps until all the video data streams have been provided to the output" is construed in accordance with its plain and ordinary meaning.[3]

---

below, the court cannot adopt Plaintiff's construction even with its clarification that the time is fixed relative to the controller.

Plaintiff argues that "once the identity and length of the first video stream is known, it is known at what particular point in the first video stream the system must begin decoding the second video stream in the second decompression circuit," making that point "fixed." (D.I. 52 at 10). Plaintiff points to figure 4 to demonstrate that the length of the first video stream, variable y, minus the number of frames of the second video stream that need to be decompressed before the first stream ends, variable x, equals the time, variable z, when the system must begin decoding the second video stream. (D.I. 52 at 11). Plaintiff believes that because variables y and x are known when the controller determines the identity and length of the first video stream, the variable z is "fixed" at that point. *Id.* The court agrees with Defendant, however, that Plaintiff makes a number of impermissible assumptions, divorced from the language of the patent, to reach that conclusion.

Plaintiff assumes that the number of frames of the second video that need to be decompressed prior to the end of the first video remains constant across different video data streams. The specification clearly refutes that contention, stating that "[a]t least several frames" of the second video stream need to be decompressed and available for display. '291 patent, col. 2 ll. 59–62. "At least several" cannot be interpreted as requiring a constant number of frames to be decompressed prior to the end of the first video stream.

Plaintiff also inherently assumes that the second bit rate is fixed. Again, that assumption is explicitly nullified by claims 12, 13 and 14, which disclose, respectively, a second bit rate that is slower than the first, a second bit rate that is the same as the first, and a second bit rate that is faster than the first. *Id.* col. 7 ll. 33–38. Given figure 4, the only logical way the controller can determine the start time for decompression of the second stream is after it has received the identity and length of the first video data stream, after it knows the number of frames that need to be decompressed prior to the end of the first data stream, and after the input switch sets the bit rate of the second data stream. '291 patent, fig. 4, col. 4 l. 64–col. 5 l. 65. Thus, while the time at which the system must start decompressing the second data stream can be determined in advance of the controller providing the second video data stream to the second decompression array, that time cannot be described as "fixed." The court thus adopts Defendant's construction, finding it a more accurate portrayal of the scope of a "predefined period of time." The court wishes to note that it included commas before and after the phrase "determined in advance." The ellipsis included after the second comma is only there to make clear that the court included two commas in its construction. The ellipsis is not part of the construction, it is just there to indicate that the construed phrase is part of a larger sentence within claim 17.

[3] Defendant contends that claim 17, as written, is confusing because it fails to explicitly highlight the alternating action that is the key part of the claimed invention. *Markman* Hr'g Tr. 47:1–11. For that reason, Defendant believes the claim phrase "repeating the selecting, decompressing, decompressing, and providing steps until all the video data streams have been provided to the output" should be replaced with "alternating, until all video streams have been provided to the output, the decompression array that is decompressing video data at a first rate and providing the video data to the output." (D.I. 51 at 12). The court finds, however, that the alternating action of the present invention is clear from the plain and ordinary meaning of the claim phrase. There is no need to alter the language.

Further, the terms "decompression array" and "decompression circuit" would unnecessarily limit the scope of claim 17. In claims 9–16, the patentee used the term "decompression array," '291 patent, col. 7 l.4–col. 8 l. 13, and he used the term "decompression circuit" in a preferred embodiment in the specification. *Id.* col. 4 ll. 38–45. If the patentee wanted "decompression circuit" or "decompression array" to be included in claim 17, he certainly could have put it there. The patentee's decision to leave both terms out evidences his intent to have the method claim construed broadly. The court agrees with Plaintiff that "[c]laim 17 requires only the performance of a specified

2

Dated: May 2, 2017

_____
UNITED STATES DISTRICT JUDGE

---

method of steps, not the performance of steps by a particular component or components." *Markman* Hr'g Tr. 45:24–46:1. Nothing in the specification indicates that a particular component must perform the claimed method. For those reasons, the court adopts Plaintiff's proposed construction.

3